# United States Court of Appeals for the Fifth Circuit

_____

No. 24-20294
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Maribel Santana-Cerano,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-488-1

_____

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Maribel Santana-Cerano pleaded guilty to making a false statement in connection with the purchase of a firearm and was sentenced to 120 months' imprisonment. Just 18 months into that sentence, she moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). She asserts that she is suffering from an open and infected wound, is not receiving proper medical

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

care, and is at risk of COVID-19 infection. The district court denied Santana-Cerano's motion after concluding that she failed to establish extraordinary and compelling circumstances and that the 18 U.S.C. § 3553(a) factors weighed against early release. We AFFIRM.

We review the denial of Santana-Cerano's § 3582(c)(1)(A) motion for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A defendant moving for compassionate release must establish both extraordinary and compelling circumstances *and* that the release is consistent with the § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *2 (5th Cir. Mar. 9, 2022) (unpublished). Because the district court's consideration of the § 3553(a) factors provides an independently sufficient basis for affirmance, we need not consider whether Santana-Cerano showed extraordinary and compelling circumstances. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

The district court adequately weighed the § 3553(a) factors, including the fact that Santana-Cerano was involved in the transport of 82 firearms believed to have been sent to Mexico. Santana-Cerano's sole attack on the district court's analysis appears to be that it should have only considered the offense for which she pleaded guilty—making a false statement—rather than the surrounding circumstances of the offense described in her plea agreement and the presentence investigation report.[1] But § 3553(a) expressly requires courts to consider "the nature and circumstances of the offense," 18 U.S.C.

---

[1] The government argues that Santana-Cerano failed to challenge the district court's § 3553(a) analysis entirely and has therefore abandoned the argument. But because Santana-Cerano is proceeding *pro se* and her challenge to § 3553(a) anyway fails, we will liberally construe her brief as raising such an argument. *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012) ("We give *pro se* briefs a liberal construction.").

No. 24-20294

§ 3553(a)(1), and courts routinely consider facts from presentence investigation reports, *see, e.g.*, *United States v. Rider*, 94 F.4th 445, 460–61 (5th Cir. 2024); *United States v. Washington*, 480 F.3d 309, 319–20 (5th Cir. 2007). Therefore, the district court did not abuse its discretion in finding that the § 3553(a) factors weigh against compassionate release.

Although the district court concluded that Santana-Cerano was not entitled to compassionate release, it ordered the Bureau of Prisons to consider whether Santana-Cerano should be temporarily released for a period of up to 30 days to obtain outside medical treatment. *See* 18 U.S.C. § 3622(a)(3); U.S.S.G. § 1B1.13, comment. (n.1). Santana-Cerano claims that 30 days is insufficient to obtain the medical treatment she needs. But release under § 3622(a)(3) is statutorily limited to 30 days.

Accordingly, the order of the district court is AFFIRMED and Santana-Cerano's motion for leave to submit new information is DENIED as moot.